UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:23-CR-26 |
| | : | |
| v. | : | (Judge MANNION) |
| | : | |
| MAURICE FAULKNER, | : | (electronically filed) |
| a/k/a "Moe," | : | |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 21, United States Code, § 846(a), Conspiracy to Distribute

   Controlled Substances. The maximum penalty for that offense

   is imprisonment for a period of 20 years, a fine of $1,000,000, a

   maximum term of supervised release of life but a minimum of at

   least 3 years, which shall be served at the conclusion of, and in

addition to, any term of imprisonment, as well as the costs of

prosecution, imprisonment, probation, or supervised release

ordered, denial of certain federal benefits, and an assessment in

the amount of $100. At the time the guilty plea is entered, the

defendant shall admit to the Court that the defendant is, in fact,

guilty of the offense(s) charged in that count. After sentencing,

the United States will move for dismissal of any remaining

counts of the Indictment. The defendant agrees, however, that

the United States may, at its sole election, reinstate any

dismissed charges, or seek additional charges, in the event that

any guilty plea entered or sentence imposed pursuant to this

Agreement is subsequently vacated, set aside, or invalidated by

any court. The defendant further agrees to waive any defenses

to reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground. The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

2

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Term of Supervised Release</u>. The defendant understands that the Court must impose at least a 3-year term of supervised release but up to a lifetime of supervised release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act. The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>Maximum Sentence</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of

3

penalties described above; that is, 20 years in prison, fines totaling $1,000,000, a maximum lifetime of supervised release but at least 3 years, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

B.  **<u>Fines and Assessments</u>**

5. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil

4

penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

5

District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.  Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b.  to submit to interviews by the Government regarding the defendant's financial status;

   c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

9.   <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty.

7

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

10. Acceptance of Responsibility– Two/Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

11. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

    **a.  For purposes of the U.S.S.G., the parties agree that the defendant is responsible for the distribution of, and possession with intent to distribute, at least 280 grams but less than 400 grams of fentanyl, a Schedule II controlled substance.**

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct.  The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United

9

States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

12. <u>Appropriate Sentence Recommendation.</u>  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

10

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the

12

investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

D.  **Victims' Rights and Restitution**

15.  Victims' Rights.  The defendant understands that pursuant to
the Victim and Witness Protection Act, the Crime Victims'
Rights Act, the Justice for All Act, and the regulations
promulgated under those Acts by the Attorney General of the
United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any
public court proceeding or any parole proceeding involving
the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court
proceeding, unless the Court, after receiving clear and
convincing evidence, determines that testimony by the
victim would be altered materially if the victim heard other
testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in
the Court involving release, plea, sentencing, or any parole
proceeding.  The defendant understands that the victims'

14

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

15

h.   The right to be treated with fairness and with respect for the victim's dignity and privacy.

16. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek, and the Court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be

16

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal

crimes are entitled to full and timely restitution. As such, these

payments do not preclude the Government from using other

assets or income of the defendant to satisfy the restitution

obligation. The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion. Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government. Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

17

election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands that the amount of restitution

18

calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

17. <u>Full Restitution by Schedule</u>.  The defendant agrees to make
full restitution in accordance with a schedule to be determined
by the Court.

## E.  <u>Information Provided to Court and Probation Office</u>

18. <u>Background Information for Probation Office</u>.  The defendant
understands that the United States will provide to the United
States Probation Office all information in its possession that the
United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

19. <u>Objections to Pre-Sentence Report</u>.  The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-

19

sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

20

20. <u>Relevant Sentencing Information</u>.  At sentencing, the United

States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the

United States has agreed to dismiss, and the nature and extent

of the defendant's cooperation, if any.  The United States will be

entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any

obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

behalf of the defendant.  Nor does this Agreement in any way

restrict the Government in responding to any request by the

Court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the

21

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F. Court Not Bound by Plea Agreement

22. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of 20 years in prison, a maximum fine of $1,000,000, a maximum term of supervised release of life but at least 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

23. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline

22

to follow any recommendations by any of the parties to this Agreement.

## G.  Breach of Plea Agreement by Defendant

24.  Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

23

25. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

b.  The United States will be free to make any
recommendations to the Court regarding sentencing in this
case;

c.  Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral

24

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems

appropriate.  The defendant further understands and agrees

that, if the Court finds that the defendant has committed any

other offense while awaiting plea or sentencing, the defendant

25

will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. Deportation

27. Deportation/Removal from the United States.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  The defendant still desires to enter into this plea after having been so advised.

## I. Appeal Waiver

28. Appeal Waiver – Direct.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the

26

defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## J.  Other Provisions

29.  Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

30.  No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation,

27

prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

32. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea

28

offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

33. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and

29

other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

34. Deadline for Acceptance of Plea Agreement. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., September 8, 2023, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35. Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

2/15/24
Date

MAURICE FAULKNER
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2/15/24
Date

JOSEPH KALINOWSKI, ESQUIRE
Counsel for Defendant

GERARD M. KARAM
United States Attorney

3/27/24
Date

By: For Michelle Olshefski

MICHELLE OLSHEFSKI
Assistant United States Attorney

AUSA/MLO/2023R089 August 26, 2023
VERSION DATE: March 8, 2021

31