## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:23-CR-26 |
| | : | |
| v. | : | (Judge MANNION) |
| | : | |
| HOWARD BELL, | : | (electronically filed) |
| a/k/a "NITTY | : | |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 21, United States Code, §§ 846(a), 841(a)(1) and 841(b)(1)(A), Conspiracy to Distribute more than 400 Grams of Fentanyl, a Schedule II Controlled Substance. The maximum penalty for that offense is imprisonment for a period of life but a mandatory minimum term of 10 years in prison, a fine of

$10,000,000, a maximum term of supervised release of life but a minimum of at least 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of

2

limitations, or any other ground. The calculation of time under

the Speedy Trial Act for when trial must commence is tolled as

of the date of the defendant's signing of this Agreement, until

either (a) the defendant pleads guilty; or (b) a new date is set by

the Court for commencement of trial.

2.  **Mandatory Minimum Sentence. Count 1 carries a mandatory minimum period of imprisonment of 10 years.**

3.  Term of Supervised Release. The defendant understands that

the Court must impose at least a 5-year term of supervised

release but up to a lifetime of supervised release in addition to

any term of imprisonment, fine or assessment involving this

violation of the Controlled Substances Act. The defendant also

understands that the Court may impose a term of supervised

release following any sentence of imprisonment exceeding one

year, or when required by statute. The Court may require a

term of supervised release in any other case. In addition, the

defendant understands that as a condition of any term of

supervised release or probation, the Court must order that the

3

defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, up to life in prison but a mandatory minimum term of 10 years in prison, fines totaling $10,000,000, a maximum term of supervised release of up to life, but at least 5 years, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

5. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

4

## B. **Fines and Assessments**

6.  <u>Fine</u>. The defendant understands that the Court may impose a
    fine pursuant to the Sentencing Reform Act of 1984. The willful
    failure to pay any fine imposed by the Court, in full, may be
    considered a breach of this Plea Agreement. Further, the
    defendant acknowledges that willful failure to pay the fine may
    subject the defendant to additional criminal violations and civil
    penalties pursuant to Title 18, United States Code, § 3611, et
    seq.

7.  <u>Inmate Financial Responsibility Program</u>. If the Court orders a
    fine or restitution as part of the defendant's sentence, and the
    sentence includes a term of imprisonment, the defendant agrees
    to voluntarily enter the United States Bureau of Prisons-
    administered program known as the Inmate Financial
    Responsibility Program, through which the Bureau of Prisons
    will collect up to 50% of the defendant's prison salary, and up to
    50% of the balance of the defendant's inmate account, and apply

5

that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.  Special Assessment.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.  Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

    a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or

6

indirectly, including those held by a spouse, nominee, or other third party;

b.   to submit to interviews by the Government regarding the defendant's financial status;

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial

7

information between the Government and the Probation
Office.

## C. Sentencing Guidelines Calculation

10. Determination of Sentencing Guidelines.  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the
application of the Sentencing Guidelines to the defendant's
conduct, including facts to support any specific offense
characteristic or other enhancement or adjustment and the
appropriate sentence within the statutory maximums provided
for by law, will be determined by the Court after briefing, a pre-
sentence hearing, or a sentencing hearing.

8

11. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as
required by the Sentencing Guidelines, the Government will
recommend that the defendant receive a two- or three-level
reduction in the defendant's offense level for acceptance of
responsibility. The third level, if applicable, shall be within the
discretion of the Government under U.S.S.G. § 3E1.1. The
failure of the Court to find that the defendant is entitled to a
reduction shall not be a basis to void this Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:

    **a. For purposes of the U.S.S.G., the parties agree
that the defendant is responsible for the
distribution of, and possession with intent to
distribute, at least 400 grams but less than 1.2
kilograms of fentanyl, a Schedule II controlled
substance.**

9

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

13. Appropriate Sentence Recommendation. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of

10

imprisonment and fine allowable, together with the cost of prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c. The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

11

e.   The defendant be directed to provide the Probation Office
     and the United States Attorney access to any requested
     financial information.

f.   The defendant be confined in a community treatment
     center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of
     occupations or with certain individuals if the Government
     deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse
     counseling, which may include testing to determine whether
     the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or
     psychological counseling and treatment in a program
     approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including
     contracts, grants, loans, fellowships, and licenses.

12

m.  The defendant be directed to pay any state or federal taxes
and file any and all state and federal tax returns as
required by law.

15.  Destruction Order/Waivers.  The defendant further agrees,
should the United States deem it appropriate to the destruction
of the items seized during the course of the investigation.  The
defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing
the destruction of the items seized.  If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order.  The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state, or federal.  The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §
983(a).  Any related administrative claim filed by the defendant
is hereby withdrawn.  The defendant agrees to consent to the

13

entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## D. **Victims' Rights and Restitution**

16. <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the

14

victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate

15

the sentencing proceeding," and the Court is authorized to

order restitution by the defendant including, but not limited

to, restitution for property loss, economic loss, personal

injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for

the victim's dignity and privacy.

17. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the

Mandatory Restitution Act of April 24, 1996, Title 18, United

States Code, § 3663A, the Court is required in all instances to

order full restitution to all victims for the losses those victims

have suffered as a result of the defendant's conduct.  The

defendant also agrees that the Government will seek, and the

Court may impose an order of restitution as to victims of the

defendant's relevant conduct.  With respect to the payment of

restitution, the defendant further agrees that, as part of the

sentence in this matter, the defendant shall be responsible for

making payment of restitution in full, unless the defendant can

16

demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of

17

restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to

18

reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

18. Full Restitution by Schedule. The defendant agrees to make full restitution in accordance with a schedule to be determined by the Court.

## E. Information Provided to Court and Probation Office

19. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

19

20. <u>Objections to Pre-Sentence Report</u>.  The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania's "Policy for Guideline Sentencing,"

both the United States and defendant must communicate to the

Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material

information, sentencing classifications, applicable Sentencing

Guidelines ranges, and policy statements contained in or

omitted from the report.  The defendant agrees to meet with the

United States at least five days prior to sentencing in a good

faith attempt to resolve any substantive differences.  If any

issues remain unresolved, they shall be communicated to the

Probation Officer for inclusion in an addendum to the pre-

sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing,

where the standard or proof will be a preponderance of the

evidence, and the Federal Rules of Evidence, other than with

20

respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

21. Relevant Sentencing Information. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

22. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on

behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F. Court Not Bound by Plea Agreement

23. Court Not Bound by Terms. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of life in prison, a maximum fine of $10,000,000, a maximum term of supervised release of life but at least 5 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

22

24. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.

If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## G.  **Breach of Plea Agreement by Defendant**

25. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a

23

preponderance of the evidence.  In order to establish any breach

by the defendant, the United States is entitled to rely on

statements and evidence given by the defendant during the

cooperation phase of this Agreement, if any.

26. Remedies for Breach.  The defendant and the United States

agree that in the event the Court concludes that the defendant

has breached the Agreement:

    a.   The defendant will not be permitted to withdraw any guilty

plea tendered under this Agreement and agrees not to

petition for withdrawal of any guilty plea;

    b.   The United States will be free to make any

recommendations to the Court regarding sentencing in this

case;

    c.   Any evidence or statements made by the defendant during

the cooperation phase of this Agreement, if any, will be

admissible at any trials or sentencings;

    d.   The United States will be free to bring any other charges it

has against the defendant, including any charges originally

24

brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral
estoppel, Double Jeopardy, statute of limitations, assertion
of Speedy Trial rights, or other similar grounds.

27. <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendant understands that it is a condition of this Agreement
that the defendant refrain from any further violations of state,
local, or federal law while awaiting plea and sentencing.  The
defendant acknowledges and agrees that if the Government
receives information that the defendant has committed new
crimes while awaiting plea or sentencing in this case, the
Government may petition the Court and, if the Court finds by a
preponderance of the evidence that the defendant has
committed any other criminal offense while awaiting plea or
sentencing, the Government shall be free at its sole election to
either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H.  Deportation

28. <u>Deportation/Removal from the United States</u>.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  The defendant still desires to enter into this plea after having been so advised.

I.  ~~Appeal Waiver~~

29.  <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28,
     United States Code, § 1291 affords a defendant the right to
     appeal a judgment of conviction and sentence; and that Title 18,
     United States Code, § 3742(a) affords a defendant the right to
     appeal the sentence imposed.  Acknowledging all of this, the
     defendant knowingly waives the right to appeal the conviction
     and sentence.  This waiver includes any and all possible
     grounds for appeal, whether constitutional or non-
     constitutional, including, but not limited to, the manner in
     which that sentence was determined in light of *United States v.*
     *Booker*, 543 U.S. 220 (2005).  The defendant further
     acknowledges that this appeal waiver is binding only upon the
     defendant and that the United States retains its right to appeal
     ~~in this case~~.  *Appeal waiver deleted in its*
     *entirety.  RJP   HB*

J.  **Other Provisions**

30.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this
     Agreement shall bind any other United States Attorney's Office,

27

state prosecutor's office, or federal, state, or local law
enforcement agency.

31. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

32. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering this Agreement with the defendant because this
disposition of the matter fairly and adequately addresses the
gravity of the offense(s) from which the charge(s) is/are drawn,

as well as the defendant's role in such offense(s), thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

34. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and

other trial and appellate rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

35. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., **May 8, 2024**, otherwise the offer may, in the

sole discretion of the Government, be deemed withdrawn.

36. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

5/6/24
Date

HOWARD BELL
Defendant


I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

M-76,2024
Date

CARL J. POVEROMO, ESQUIRE
Counsel for Defendant

31

GERARD M. KARAM
United States Attorney

5/8/2024
_____
Date

By: _____
ROBERT J. O'HARA
Assistant United States Attorney

AUSA/RJO/2023R089 May 2, 2024
VERSION DATE: March 8, 2021

32